IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANSEN-RICE, INC., | Case No. CV-04-101-S-BLW |
| Plaintiff, | **MEMORANDUM DECISION** |
| v. | |
| CELOTEX CORPORATION, a Delaware Corporation, and Does 1 through 10, Inclusive, | |
| Defendants. | |
| CELOTEX CORPORATION, | |
| Third-Party Plaintiff, | |
| v. | |
| THE DOW CHEMICAL COMPANY, a Delaware Corporation, and LARRY DEE VAN SICKLE, an Individual, | |
| Third-Party Defendants. | |

## INTRODUCTION

The Court has before it a petition for attorney fees and a motion for Rule 54(b) certification, both filed by Dow. The Court heard oral argument on the latter

**Memorandum Decision – Page 1**

motion on June 1, 2006, and both motions are now at issue. For the reasons expressed below, the Court will award $157,206.79 in fees to Dow, and grant Dow's Rule 54(b) certification.

## ANALYSIS

1. **Petition for Attorney Fees & Costs**

In the underlying dispute in this case, Hansen-Rice seeks damages for defective insulation manufactured by Celotex. Celotex filed a third-party complaint against Dow for indemnification of Hansen-Rice's claims. Celotex had sold the assets of the insulation business to Dow, and entered into an Asset Purchase Agreement (APA) that defined the assets purchased and the liabilities assumed.

Celotex and Dow filed motions for summary judgment to determine how the APA allocated responsibility for any liability arising from Hanson-Rice's claims. Interpreting the APA, the Court held that all of Hansen-Rice's claims fell within the term "Excluded Liabilities" and hence were not assumed by Dow. Accordingly, the Court granted Dow's motion for summary judgment and denied Celotex's motion.

The Court further interpreted Section 8.2 of the APA to contain a promise by Celotex to "hold harmless" Dow for "any" loss suffered by Dow in a dispute over

**Memorandum Decision – Page 2**

Excluded Liabilities, as that term was defined by the APA.  This provision is broad enough to encompass the expenses – attorney fees and costs – incurred by Dow in the dispute over the interpretation of Excluded Liabilities raised by the cross-motions for summary judgment.

Even after Dow rejected the tender of defense made by Celotex, Dow participated in the underlying action between Hanson-Rice and Celotex to protect its interests in the expectation that its rejection of the tendered defense might be challenged in court.  The APA anticipated such expenses, and allocated them in Section 8.4(b), which recognizes that while Dow may participate in the underlying action after rejecting the tender of defense, it does so "at [its] own expense."  When the two sections – 8.2 and 8.4(d) – are read together, they award to Dow the fees and costs it incurred in the dispute over the interpretation of Excluded Liabilities but not for Dow's participation in the underlying dispute between Hanson-Rice and Celotex after Dow rejected the tender of defense.[1]  In other words, APA interpretation issues are treated distinctly from issues raised in the underlying action.

Dow itself actually made this distinction when it moved for a Rule 54(b)

---

[1] No provision of Idaho law concerning attorney fees could be used to override these contractual provisions.

**Memorandum Decision – Page 3**

certification of the Court's decision, an issue discussed below.  In arguing that motion, Dow asserts that the APA issues are entirely separate and distinct from any of the underlying issues between Hanson-Rice and Celotex.  The Court agrees, as will be explained below.  This lends weight to the Court's finding that Sections 8.2 and 8.4(d) make this same distinction.

Finally, Celotex argues that the fees must be reasonable, a standard that Dow does not contest.  With these standards in mind, the Court turns to Dow's petition for fees and costs.  In that petition, Dow seeks a total of $326,506.19, broken down as follows:

| | | |
|---|---|---|
| (1) | Jenner & Block's attorney fees: | $279,745.65 |
| (2) | Hawley Troxell attorney fees: | $16,103.00 |
| (3) | Jenner & Block's costs: | $27,706.20 |
| (4) | Hawley Troxell costs: | $2,951.34 |

The briefing and oral argument on the cross-motions is where much of these fees were incurred.  Dow filed a 17-page opening brief, and a 10-page reply brief that also served as a response brief to Celotex's cross-motion.  The oral argument lasted an hour and fifteen minutes, although only a portion of that time was devoted to the cross-motions at issue here.  Most of the time was taken up with argument between counsel for Hanson-Rice and Celotex on other motions.

**Memorandum Decision – Page 4**

For all of this – the briefing and oral argument – Dow's lead counsel, Lise Spacapan (a Jenner & Block partner) spent 66.70 hours while associate counsel Sandi Toll (a Jenner & Block associate) spent 239.45 hours, for a total of 306.15 hours. The combined efforts of these attorneys was the equivalent of two attorneys working a full month (5 days a week) for 7.5 hours each day on these cross-motions. These hours resulted in $95,331.25 in fees that Jenner & Block reduced by 10% to $85,798.13.

The Court has no doubt that these hours were expended, and that the hourly rates of counsel are reasonable in the locale where they practice. However, this is a extremely large sum for 27 pages of briefing and perhaps 20 minutes of oral argument. Granted, it takes more time to draft a concise brief; a short brief sometimes hides the intense effort of good counsel. Even so, the issue here was quite simple – it involved a straightforward interpretation of contract language that the Court's decision resolved in two pages. As that decision noted, counsel did not raise any questions of fact, and there were no substantive legal issues to resolve.

In short, this was the most basic of motions. Given the simplicity of the issue, the reasonable hours it would take to prepare a first-rate response, and the billing rates applied by counsel, a billing of $50,000 would be on the very high end of reasonableness. For that reason, the Court will allow that amount, thereby

**Memorandum Decision – Page 5**

reducing the award sought by Dow for this portion of the work by $35,798.13.

Dow also claims 522.45 hours for work not associated with the cross-motions for summary judgment but relating instead to the underlying action between Hanson-Rice and Celotex.  *See Affidavit of Dixon, Exhibits 5-8.*  Reduced by Jenner & Block's 10% discount, this hourly figure is reduced to a dollar amount of  $133,501.28.  As the Court held above, Section 8.4(d) carves out these fees from any award.  The Court will therefore subtract this sum from any award.

The Court has examined the other objections of Celotex and finds them to be without merit.  In conclusion, based on the findings above, the Court will therefore subtract $169,299.41 ($35,798.13 + $133,501.28) from the total amount sought of $326,506.19, leaving a total award of $157,206.78.

**2.**     **Rule 54(b) Certification**

When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Wood v. GCC Bend, LLC*, 422

**Memorandum Decision – Page 6**

F.3d 873, 878 (9th Cir. 2005). Here, the Court has rendered a final disposition of Celotex's claim against Dow. By interpreting the APA to exclude any liability arising from this case, the Court has finally and completely resolved Celotex's claim against Dow.

The Court must next determine whether "there is any just reason for delay." *Id*. This determination involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. *Id*.

The interest of "sound judicial administration" primarily requires that the ultimate decision "preserves the historic federal policy against piecemeal appeals." *Id*. A Rule 54(b) request should not be granted when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." *Id.* at 883. This Court must be careful to "prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 879. Important factors include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id.*

Celotex's claims against Dow are based entirely on the language of the

**Memorandum Decision – Page 7**

APA, and hence are completely separate from any other claims. Hanson-Rice's claims that insulation was defective are totally unrelated to the APA and will not require any reference whatsoever to the APA.

The Circuit will not be faced with deciding the same issues twice if the Rule 54(b) certification is granted. Because the indemnity action is separate and distinct from the underlying action, there are no overlapping issues that might require the Circuit to address the same issue twice.

Nothing that happens in the underlying action will moot the indemnity action. Even if Hanson-Rice loses the underlying action, Celotex will have incurred fees and costs that it will seek from Dow under the APA. Thus, regardless of what happens in the underlying action, the indemnity action will remain a live controversy.

For all of these reasons, the Court finds that a Rule 54(b) certification here does not pose the potential for wasteful piecemeal appeals.

Finally the Court must weigh the equities. One consideration identified by *Wood* is whether there would be a delay in the payment of any judgment. *Id*. at 878, n. 2. Here, the trial in the underlying action is set for late this year. It could be a year before the trial is completed and post-trial motions are resolved. Thus, the equities favor Dow.

**Memorandum Decision – Page 8**

For all these reasons, the Court finds that Dow's motion for certification under Rule 54(b) should be granted.  This would include this decision as well, as its award of fees and costs relates entirely to the earlier decision.  Including this decision in the certification will allow the Circuit to review both the merits of the decision as well as the fee award, and avoid piecemeal litigation.  Because the Court's fee decision grants a monetary award, the Court will issue a separate Judgment that will also contain the Rule 54(b) certification.



DATED:  **June 7, 2006**

_B. Lynn Winmill_
B. LYNN WINMILL
Chief Judge
United States District Court